REGAN, Judge.
Plaintiff, Sears, Roebuck & Company, instituted this suit against the defendant, Viola Bonnee, endeavoring to recover the sum of $492.08, representing the balance due on two open accounts.
The defendant answered and admitted the purchase of the merchandise, but she denied the indebtedness. In explanation thereof she related that she had purchased a large quantity of paint from Sears, which was defective, and which, upon application, ruined the exterior of her home. Then, assuming the position of plaintiff in recon-vention, she averred that Sears was indebted to her in the amount of $500, which, together with the sum due on the open account, represented the cost of restoring her home to its former condition.
From a judgment dismissing both the main and reconventional demand, only the plaintiff has prosecuted this appeal.
The record reveals that plaintiff extended credit to the defendant on two open accounts, whch she used and made timely payments on account thereof. In February of 1960, defendant purchased from Sears between $100 and $200 worth of paint which was subsequently applied to the exterior of her residence.
John E. Wallin, plaintiff’s installation manager, testified that when defendant’s accounts were far in arrears, which was .more than one year after she purchased the paint, she complained for the first time that the paint was defective. In response to her complaint, on May 30, 1961, Wallin inspected her property in order to ascertain whether her complaints were justified. He noted at that time that thick layers of paint were peeling from the weatherboards of her home. In various places, he related, the weatherboards were bare. He did assert, however, that the paint was adhering to the surface of the front of her home.
In order to establish that the paint was defective, defendant called Herman Verrett, Sr., to testify on her behalf. He related that he had worked as a general contractor for a period of 22 years and that a large part of his work included house painting. Ver-rett recounted that defendant hired him to paint the exterior of her home for the sum of $695. He said that when he opened a can of Sears paint he noticed that it was very thick, and he told defendant he thought it should be thinned. The instructions appearing on the label attached to the paint can indicated that the material should be applied without dilution; therefore, the defendant telephoned the paint manager of Sears, and he instructed Verrett to apply it just as it came from the can. Plaintiff’s manager informed him that he would not stand behind the paint if Verrett did not follow the instructions appearing on the label affixed to the can. •
Verrett stated that he prepared the surface of the house properly, that is, by sanding and brushing it before applying the paint.
Three months after he completed the job, the defendant telephoned him and complained that all the paint was peeling from the weatherboards of the house. He in *148 spected the job and verified defendant’s complaint.
Verrett testified that he then re-sanded the front of the house and repainted it with Sherwin-Williams paint, which produced a satisfactory job. It will be recalled that Wallin, plaintiff’s installation manager, also noticed that paint was adhering satisfactorily to the front of the residence.
Defendant’s testimony is substantially to the same effect. However, she emphasized that she complained to plaintiff on numerous occasions before Wallin visited her home, and especially when the defectiveness of the paint first manifested itself.
Predicated on the foregoing evidence, the trial court concluded that plaintiff did in fact furnish defendant with defective paint, and as a result of its application, the defendant was damaged to a larger extent than the amount she owed on the open account. Therefore, he dismissed plaintiff’s suit, and we find no reversible error in this conclusion.
On appeal the defendant was not represented.
Counsel for the plaintiff contends that the trial court improperly dismissed its suit, and further, erred in refusing his motion for a new trial.
In oral argument before this court, counsel asserted that prior to the trial hereof, defendant misrepresented the fact that none of the alleged defective paint was available for inspection, however, when the trial actually occurred the defendant produced two cans of the paint.
Therefore, plaintiff insists that it possesses the right of a new trial in order to introduce evidence to rebut the conclusion that the paint was defective. This, it asserts, it can prove by having the paint tested by its own experts.
On appeal, we can only consider evidence which appears in the record, and there is not one scintilla of evidence inscribed therein to support plaintiff’s foregoing assertion.
When the paint was introduced in evidence on the trial hereof, the record reveals that the plaintiff neither objected to its introduction nor did he attempt to call the court’s attention to the alleged refusal of defendant to make this paint available to him for an analysis thereof.
The record further reflects that on June 28, 1962 the plaintiff obtained the court’s permission to withdraw the paint “for submission to a qualified testing agency for the purpose of determining and testing the quality of such paint.”
Some three weeks later, the trial court refused a new trial. Again the record is silent as to whether plaintiff had the paint tested during this interval of several weeks; nor does it indicate why the trial judge refused to grant plaintiff a new trial. Its counsel possessed the right to request the trial judge to write its reasons for judgment, wherein an explanation would appear for his refusal.[1] This he failed to do.
In addition, since the paint was introduced at the trial and plaintiff made no effort at that time to have it submitted to a testing laboratory before judgment, we are of the opinion that it could not be considered newly discovered evidence which would warrant the granting of a new trial.
Since the defendant has not appealed, the propriety of dismissing the reconventional demand is not posed for our consideration.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-C.C.P. Art. 1917.